## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | CASE NO. _____ |
| Plaintiff, | |
| vs. | **ORIGINAL NOTICE** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a Petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiffs are Roxanne Conlin and Tyler Adams of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. That attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

Polk County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information. You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).

(SEAL)

_____
POLK COUNTY CLERK OF COURT
Polk County Courthouse
500 Mulberry St.
Des Moines, IA 50309

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

# Iowa Judicial Branch

*Case No.*  **LACL157287**

*County*  **Polk**

*Case Title*  TRTYLER VS HOTEL FORT DES MOINES, HILTON WORLDWIDE

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **11/29/2023 01:35:51 PM**



*District Clerk of Court or/by Clerk's Designee of*  Polk                    *County*

**/s/ Valeri Mueller**

E-FILED  2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER,<br><br>   Plaintiff,<br><br>vs.<br><br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS,<br><br>   Defendants. | CASE NO.<br><br>**PETITION AT LAW<br>AND JURY DEMAND** |

COMES NOW, Plaintiff Troy Tyler, by and through counsel, and hereby brings his causes of action against Hotel Fort Des Moines, Hilton Worldwide and Curio Collection by Hilton, First Hospitality, Kerri Blanchard, Kyle Miriani, Dillon Douglas, Neil Upadhyay and Brian Atkins, and states to the Court as follows:

## INTRODUCTION

1.  This is an action under and pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216.

2.  Under the Iowa Civil Rights Act, Plaintiff is protected from discriminatory practices based on his race and his skin color.

## PROCEDURAL REQUIREMENTS

3.  Plaintiff Tyler filed his race and skin color discrimination complaint with the Iowa Civil Rights Commission on February 23, 2023, within the 300-day limitations period from the last discriminatory act alleged.

4.  On September 27, 2023, less than ninety days prior to the filing of this Petition,

E-FILED  2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

the Iowa Civil Rights Commission issued a Right to Sue Letter.

## JURISDICTION AND VENUE

5.      The unlawful practices alleged herein were committed in Polk County, Iowa.

6.      Venue is properly laid in this judicial district pursuant to Iowa Code § 616.17 and 616.18, in that one or more Defendants reside in Polk County, Iowa.

## PARTIES

7.      Plaintiff Troy Tyler is a black male, and all times material hereto, was a citizen and resident of Polk County, Iowa.

8.      Hilton Worldwide and Curio Collection by Hilton is a Corporation organized and existing under the laws of the State of Delaware with its headquarters at 7930 Jones Branch Dr, McLean, VA  22102 doing business in Iowa as the Hotel Fort Des Moines, in Polk County, Iowa.

9.      On information and belief at all times material hereto, Defendant Hotel Fort Des Moines was a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 1000 Walnut Street, Des Moines, Polk County, Iowa.

10.     At all times material hereto, Defendant First Hospitality was a property management company with its headquarters in Rosemont, Illinois, and business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa.

11.     At all times material hereto, Defendant Neil Upadhyay was Director of Operations for the Hotel Fort Des Moines and Plaintiff's direct supervisor.  On information and belief, he was a citizen and resident of Polk County, Iowa.

12.     At all times material hereto, Defendant Kerri Blanchard was a Lobby Attendant at the Hotel Fort Des Moines.  On information and belief, she is a citizen and resident of Polk

County, Iowa.

13.     At all times material hereto, Defendant Dillon Douglas was Director of Revenue Management and Director of the Front Office at the Hotel Fort Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

14.     At all times material hereto, Defendant Kyle Miriani was Director of Human Resources at the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

15.     At all times material hereto, Defendant Brian Atkins was the General Manager of the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

16.     Under the doctrine of *respondeat superior*, Corporate Defendants and each of them are legally liable for any damages caused to Plaintiff by the conduct of Defendants Upadhyay, Douglas, Miriani, Atkins and Blanchard, or in the alternative, under the principles of ostensible agency, Corporate Defendants are legally liable for any damages caused to Plaintiff by the conduct of Defendants Upadhyay, Douglas, Miriani, Atkins and Blanchard.

## FACTUAL BACKGROUND

17.     Plaintiff Troy Tyler is African American. He is a member of a protected class based on his race. Plaintiff's skin color is black. He is a member of a protected class based on his skin color.

18.     Defendants have allowed a culture of racism to flourish and thrive within the Hotel Fort Des Moines.

19.     Plaintiff Tyler has been insulted, harassed, belittled, humiliated, and excluded all because he is a black male.

E-FILED  2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

20.    The types of racist comments and treatment Plaintiff Tyler endured occurred on a daily basis and Plaintiff Tyler always made it known that these comments were unwelcome and unacceptable in the workplace.

21.    Plaintiff began working for Defendants in January of 2022, as a Security Guard.

22.    Plaintiff's duties as a security guard included ensuring the safety and security of the building, staff and guests of the hotel. To carry out his duties he would make rounds throughout the hotel.

23.    Plaintiff Tyler had a conversation with Defendant Neil discussing the a promotion to Security Manager after Tyler worked there for a few months.

24.    In April of 2022, Defendant Blanchard began falsely reporting Plaintiff Tyler to Defendant Miriani and harassing Plaintiff in front of other employees and guests.

25.    Defendant Blanchard claimed Plaintiff watched her in the hotel and intimidated her. This is untrue.

26.    Plaintiff Tyler reported her conduct to Defendant Douglas.  Nothing was done to stop her from harassing Plaintiff.

27.    On June 3, 2022 Plaintiff Tyler was doing his normal sweep of the second floor and noticed a door was being held open with a doorstop.  He removed the doorstop and secured the door shut.  Plaintiff then went through the conference room and Defendant Blanchard stormed in and began yelling at him.  Defendant Blanchard demanded the doorstop be handed back to her, as it was hers.  Plaintiff immediately returned the doorstop to her. Defendant Blanchard continued to yell at Plaintiff calling him a "douchebag".  Plaintiff sent the camera footage of Defendant Blanchard's unprofessional conduct to Defendants Miriani, Upadhyay and Atkins.  Nothing was done.

28.     On June 16, 2022 Plaintiff Tyler was conducting his rounds in the hotel when he began having a casual, pleasant conversation with Defendant Blanchard.  Plaintiff stated they could continue to have these pleasant conversations going forward, unlike the interactions where she would scream, and make false accusations.

29.      Defendant Blanchard then became upset and yelled at Plaintiff that she knows Plaintiff follows her around the hotel and that she does not like how he walks around the hotel holding his flashlight like he is still a police officer.

30.     Defendant Blanchard walked away after screaming at Plaintiff Tyler and he went back to working.  Later that same shift, other employees informed him that she was spreading false rumors that he chased her down the hallway.

31.     On July 21, 2022 Plaintiff Tyler was standing at the front desk of the hotel when Defendant Blanchard walked up to him and began to taunt him.  She yelled very loud "Do you have something to say to me?"  She was holding her phone up to record while she yelled.  In response, he said "go to work."

32.     Defendant Blanchard's yelling and taunting occurred in front of two other employees and a hotel guest.  He reported this in a letter to Miriani, Upadhyay and Atkins in an effort to stop the hostile and toxic work environment that she had created with her harassment. Nothing was done to prevent Defendant Blanchard from harassing him further.

33.     On July 22, 2022, Defendat Miriani notified Plaintiff Tyler that he did not want to continue dealing with Defendant Blanchard's false complaints.  His solution was for Plaintiff Tyler to come in to work only after Defendant Blanchard had already left the hotel, which was normally around 12 midnight.  Plaintiff Tyler told Defendant Miriani that Defendant Blanchard had an issue with African American men.

5

E-FILED 2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

34.     Defendant Blanchard also has admitted she has a hatred for police both to Plaintiff Tyler and to other people.  Defendant Blanchard's hatred is actually a hatred of all African Americans.  While Defendant Blanchard claims to hate police, she only acted with distain toward Plaintiff Tyler and not white people who are former officers.

35.     On August 3, 2022, Plaintiff Tyler spoke with Defendant Upadhyay in the breakroom of Hotel Fort Des Moines.  Plaintiff Tyler asked Defendant Upadhyay if he was going to get a promotion in the near future, like they had discussed in his interview.  Multiple new people had come in and been promoted, yet Plaintiff Tyler had not gotten the promotion he was promised in his interview.

36.     Defendant Upadhyay told him there was not enough money to give him a raise and promote him to Manager of Security.  Plaintiff Tyler already had the title of Manager of Security without any of the benefits, and Defendant Upadhyay said Corporate would not give them to him.  The employee worksheet posted in the main office said his title was security manager.

37.     Plaintiff Tyler was supervised and chagrined when Defendant Upadhyay told him that he should "leave this place" because he had a lot of complaints from people claiming he took pictures of them or are in their business.  Defendant Upadhyay admitted he knew the complaints were "nonsense" and never brought it up to Plaintiff Tyler before for that reason.

38.     Plaintiff Tyler was never made aware of any complaints against him from anyone besides Defendant Blanchard prior to this conversation.

39.     Defendant Upadhyay ended the conversation by informing him he should only communicate with him directly and not any other management regarding any issues he continued to have with Defendant Blanchard or other staff.  This comment came shortly after he reported

6

Defendant Blanchard to Defendant Atkins instead of Defendant Upadhyay.

40. On August 4, 2022, Defendant Miriani called Plaintiff to inform him that he needed to leave the property as soon as possible due to Defendant Blanchard's presence at the property. He had not finished his security checks, but Defendant Miriani said he needed to just leave the property anyway.

41. Defendant Miriani admitted he was aware Defendant Blanchard had made it a hostile work environment for the Plaintiff.

42. Defendant Blanchard saw Plaintiff in the building and she yelled at another staff member, Alyssa LNU, that he was in the building and that he had sexually assaulted three people, so she did not feel safe with him in the building.

43. Defendant Blanchard's comments were false and slanderous.

44. Defendant Blanchard was not told to leave the premises like Plaintiff Tyler was and was not help accountable for her continued harassment of Plaintiff.

45. Plaintiff also witnessed and reported the sexual harassment of another employee, Sydney Lalor. Plaintiff witnessed Brad Johnson corner and isolate Sydney in parts of the building without cameras. Plaintiff Tyler encouraged her to report Brad's sexual harassment.

46. Brad Johnson 's sexual harassment of Sydney Lalor was reported to Defendants Miriani and Atkins but they failed to take the steps to correct his behavior.

47. Defendants Miriani, Upadhyay and Atkins did not want to get rid of Brad Johnson, a white male, and were not willing to discipline him for his gross misconduct.

48. Defendants Miriani and Upadhyay believed Plaintiff Tyler created a problem by encouraging Sydney to report Brad Johnson, and they retaliated against him as a result.

49. On August 9, 2022, Defendant Upadhyay emailed the entire hotel staff that

7

E-FILED  2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

neither Defendant Blanchard or Plaintiff Tyler were allowed on the premises.

50.     Plaintiff Tyler was sent a termination checklist on August 10, 2022.  He was never notified about the reason for termination until his unemployment hearing, where Plaintiff was accused of being "rude" to guests, despite the fact he had never been written up or made aware of such acts, nor did he ever commit them.

51.     Defendant Blanchard never received any discipline for her actions, despite Plaintiff Tyler's multiple complaints to Defendants Upadhyay, Miriani and Atkins.  Plaintiff Tyler provided camera recordings, names of other witnesses and written letters to management providing Defendant Blanchard's hostility and blatant harassment towards him.

52.     Defendant Blanchard was even given her job back shortly after her termination, with backpay and Plaintiff Tyler was not.

53.     Defendants Hotel Fort Des Moines, First Hospitality, Hilton Worldwide and Curio Collection by Hilton Kerri Blanchard, Neil Upadhyay, Kyle Miriani, Dillon Douglas, and Brian Atkins engaged in a pattern and practice of harassment and hostility.

54.     This is a summary, with examples, of the discrimination, harassment, and retaliation Plaintiff Tyler suffered on a daily basis during his employment.

**COUNT I – HARASSMENT AND DISCRIMINATION ON THE BASIS OF RACE AND SKIN COLOR IN VIOLATION OF IOWA CODE CHAPTER 216.6 AGAINST ALL DEFENDANTS**

55.     Plaintiff is an African American and his skin color is black and he is a member of a protected class under the Iowa Civil Rights Act, Iowa Code Chapter 216.

56.     Defendants discriminated against and harassed Plaintiff with respect to the terms and conditions of his employment and permitted harassment and discrimination based on race and skin color against Plaintiff in violation of Iowa Code Chapter 216, as set forth above.

8

E-FILED 2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

57.     The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

58.     Defendants' conduct towards Plaintiff was unwelcome.

59.     Corporate Defendants knew, or should have known, of the race discrimination undertaken by its employees.

60.     Defendants' violation of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

61.     Defendants violation of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

62.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a)     That Defendants' conduct be declared to be in violation of Plaintiff's rights under and pursuant to Iowa Code Chapter 216;

b)     That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be permanently enjoined from any conduct violating Plaintiff's rights, or the right of others similarly situated, as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent the Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)     That Plaintiff be awarded compensatory damages;

d)      That Plaintiff be made whole by providing him appropriate lost earnings and benefits with pre-judgment interest and other affirmative relief;

e)      That Plaintiff be awarded reasonable attorney's fees and costs incurred in prosecuting this action; and

f)      That Plaintiff be awarded such additional and further relief as is just and proper.

## COUNT II: RETALIATION IN VIOLATION OF IOWA CODE SECTION 216.11 AGAINST ALL DEFENDANTS

63.      Plaintiff complained to Defendants about the discrimination and harassment he experienced on several occasions.  Plaintiff Tyler also complained about the sexual harassment of a co-worker, Sydney Lalor.

64.      After Plaintiff Tyler formally complained about discrimination and harassment on the basis of his race and skin color against him and about the sexual harassment of his co-worker, Defendants retaliated against Plaintiff by further discriminating against him, harassing him, and subjecting Plaintiff to a hostile work environment and ultimately firing him.

65.      Iowa Code Section 216.11 forbids harassment and retaliation against a person for filing a complaint regarding the discrimination he faces on the basis of his race and skin color or because he reported sexual harassment of a co-worker.

66.      Defendants' violation of Iowa Code Chapter 216 is a cause of the injuries suffered by Plaintiff.

67.      As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other

E-FILED  2023 NOV 27 4:52 PM POLK - CLERK OF DISTRICT COURT

damages.

WHEREFORE, Plaintiff prays for the following relief:

a)      That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Iowa Code Chapter 216;

b)      That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)      That Plaintiff be awarded compensatory damages;

d)      That Plaintiff be made whole by providing her compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

e)      That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f)      That Plaintiff be awarded such additional and further relief as is just and proper.

## JURY DEMAND

COMES NOW Plaintiff Troy Tyler, by and through counsel, and hereby demands a trial by jury in this matter.

11

_/s/ Roxanne Conlin_
ROXANNE CONLIN AT0001642
TYLER K. ADAMS AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
        tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER,<br><br>       Plaintiff,<br><br>vs.<br><br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS,<br><br>       Defendants. | CASE NO. LACL157287<br><br>**FIRST AMENDED PETITION AT LAW AND JURY DEMAND** |

COMES NOW, Plaintiff Troy Tyler, by and through counsel, and hereby brings his causes of action against Hotel Fort Des Moines, Hilton Worldwide and Curio Collection by Hilton, First Hospitality, Kerri Blanchard, Kyle Miriani, Dillon Douglas, Neil Upadhyay and Brian Atkins, and states to the Court as follows:

### INTRODUCTION

1.      This is an action under and pursuant to the Iowa Civil Rights Act, Iowa Code Chapter 216; Title VII; and 42 U.S.C. § 1981.

2.      Under the Iowa Civil Rights Act, Title VII, and 42 U.S.C. § 1981, Plaintiff is protected from discriminatory practices based on his race and his skin color.

### PROCEDURAL REQUIREMENTS

3.      Plaintiff Tyler filed his race and skin color discrimination complaint with the Iowa Civil Rights Commission on February 23, 2023, within the 300-day limitations period from the last discriminatory act alleged.

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

4.     On September 27, 2023, less than ninety days prior to the filing of this Petition, the Iowa Civil Rights Commission issued a Right to Sue Letter.

## JURISDICTION AND VENUE

5.     The unlawful practices alleged herein were committed in Polk County, Iowa.

6.     Venue is properly laid in this judicial district pursuant to Iowa Code § 616.17 and 616.18, in that one or more Defendants reside in Polk County, Iowa.

## PARTIES

7.     Plaintiff Troy Tyler is a black male, and all times material hereto, was a citizen and resident of Polk County, Iowa.

8.     Hilton Worldwide and Curio Collection by Hilton is a corporation organized and existing under the laws of the State of Delaware with its headquarters at 7930 Jones Branch Dr, McLean, VA  22102 doing business in Iowa as the Hotel Fort Des Moines, in Polk County, Iowa.

9.     On information and belief at all times material hereto, Defendant Hotel Fort Des Moines was a corporation organized and existing under the laws of the State of Iowa, with its principal place of business at 1000 Walnut Street, Des Moines, Polk County, Iowa.

10.     At all times material hereto, Defendant First Hospitality L.L.C. was a property management company with its headquarters and principal place of business in Rosemont, Illinois, doing business in Iowa as the management company for the Hotel Fort Des Moines in Des Moines, Polk County, Iowa.

11.     At all times material hereto, Defendant First Hospitality Group, Inc. was a property management company with its headquarters and principal place of business in Chicago, Illinois doing business in Iowa as the management company for the Hotel Fort Des Moines in

Des Moines, Polk County, Iowa

12.     At all times material hereto, Defendant Neil Upadhyay was Director of Operations for the Hotel Fort Des Moines and Plaintiff's direct supervisor.  On information and belief, he was a citizen and resident of Polk County, Iowa.

13.     At all times material hereto, Defendant Kerri Blanchard was a Lobby Attendant at the Hotel Fort Des Moines.  On information and belief, she is a citizen and resident of Polk County, Iowa.

14.     At all times material hereto, Defendant Dillon Douglas was Director of Revenue Management and Director of the Front Office at the Hotel Fort Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

15.     At all times material hereto, Defendant Kyle Miriani was Director of Human Resources at the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

16.     At all times material hereto, Defendant Brian Atkins was the General Manager of the Hotel Ft. Des Moines.  On information and belief, he is a citizen and resident of Polk County, Iowa.

17.     Under the doctrine of *respondeat superior*, Corporate Defendants and each of them are legally liable for any damages caused to Plaintiff by the conduct of Defendants Upadhyay, Douglas, Miriani, Atkins and Blanchard, or in the alternative, under the principles of ostensible agency, Corporate Defendants are legally liable for any damages caused to Plaintiff by the conduct of Defendants Upadhyay, Douglas, Miriani, Atkins and Blanchard.

## FACTUAL BACKGROUND

18.     Plaintiff Troy Tyler is African American. He is a member of a protected class

3

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

based on his race. Plaintiff's skin color is black. He is a member of a protected class based on his

skin color.

19.    Defendants have allowed a culture of racism to flourish and thrive within the

Hotel Fort Des Moines.

20.    Plaintiff Tyler has been insulted, harassed, belittled, humiliated, and excluded all

because he is a black male.

21.    The types of racist comments and treatment Plaintiff Tyler endured occurred on a

daily basis and Plaintiff Tyler always made it known that these comments were unwelcome and

unacceptable in the workplace.

22.    Plaintiff began working for Defendants in January of 2022, as a Security Guard.

23.    Plaintiff's duties as a security guard included ensuring the safety and security of

the building, staff and guests of the hotel. To carry out his duties he would make rounds

throughout the hotel.

24.    Plaintiff Tyler had a conversation with Defendant Neil discussing a promotion to

Security Manager after Tyler worked there for a few months.

25.    In April of 2022, Defendant Blanchard began falsely reporting Plaintiff Tyler to

Defendant Miriani and harassing Plaintiff in front of other employees and guests.

26.    Defendant Blanchard claimed Plaintiff watched her in the hotel and intimidated

her. This is untrue.

27.    Plaintiff Tyler reported her conduct to Defendant Douglas.  Nothing was done to

stop her from harassing Plaintiff.

28.    On June 3, 2022 Plaintiff Tyler was doing his normal sweep of the second floor

and noticed a door was being held open with a doorstop.  He removed the doorstop and secured

the door shut.  Plaintiff then went through the conference room and Defendant Blanchard stormed in and began yelling at him.  Defendant Blanchard demanded the doorstop be handed back to her, as it was hers.  Plaintiff immediately returned the doorstop to her. Defendant Blanchard continued to yell at Plaintiff calling him a "douchebag".  Plaintiff sent the camera footage of Defendant Blanchard's unprofessional conduct to Defendants Miriani, Upadhyay and Atkins.  Nothing was done.

29.     On June 16, 2022 Plaintiff Tyler was conducting his rounds in the hotel when he began having a casual, pleasant conversation with Defendant Blanchard.  Plaintiff stated they could continue to have these pleasant conversations going forward, unlike the interactions where she would scream, and make false accusations.

30.      Defendant Blanchard then became upset and yelled at Plaintiff that she knows Plaintiff follows her around the hotel and that she does not like how he walks around the hotel holding his flashlight like he is still a police officer.

31.     Defendant Blanchard walked away after screaming at Plaintiff Tyler and he went back to working.  Later that same shift, other employees informed him that she was spreading false rumors that he chased her down the hallway.

32.     On July 21, 2022 Plaintiff Tyler was standing at the front desk of the hotel when Defendant Blanchard walked up to him and began to taunt him.  She yelled very loud "Do you have something to say to me?"  She was holding her phone up to record while she yelled.  In response, he said "go to work."

33.     Defendant Blanchard's yelling and taunting occurred in front of two other employees and a hotel guest.  He reported this in a letter to Miriani, Upadhyay and Atkins in an effort to stop the hostile and toxic work environment that she had created with her harassment.

Nothing was done to prevent Defendant Blanchard from harassing him further.

34.     On July 22, 2022, Defendat Miriani notified Plaintiff Tyler that he did not want to continue dealing with Defendant Blanchard's false complaints.  His solution was for Plaintiff Tyler to come in to work only after Defendant Blanchard had already left the hotel, which was normally around 12 midnight.  Plaintiff Tyler told Defendant Miriani that Defendant Blanchard had an issue with African American men.

35.     Defendant Blanchard also has admitted she has a hatred for police both to Plaintiff Tyler and to other people.  Defendant Blanchard's hatred is actually a hatred of all African Americans.  While Defendant Blanchard claims to hate police, she only acted with distain toward Plaintiff Tyler and not white people who are former officers.

36.     On August 3, 2022, Plaintiff Tyler spoke with Defendant Upadhyay in the breakroom of Hotel Fort Des Moines.  Plaintiff Tyler asked Defendant Upadhyay if he was going to get a promotion in the near future, like they had discussed in his interview.  Multiple new people had come in and been promoted, yet Plaintiff Tyler had not gotten the promotion he was promised in his interview.

37.     Defendant Upadhyay told him there was not enough money to give him a raise and promote him to Manager of Security.  Plaintiff Tyler already had the title of Manager of Security without any of the benefits, and Defendant Upadhyay said Corporate would not give them to him.  The employee worksheet posted in the main office said his title was security manager.

38.     Plaintiff Tyler was supervised and chagrined when Defendant Upadhyay told him that he should "leave this place" because he had a lot of complaints from people claiming he took pictures of them or are in their business.  Defendant Upadhyay admitted he knew the

6

complaints were "nonsense" and never brought it up to Plaintiff Tyler before for that reason.

39.     Plaintiff Tyler was never made aware of any complaints against him from anyone besides Defendant Blanchard prior to this conversation.

40.     Defendant Upadhyay ended the conversation by informing him he should only communicate with him directly and not any other management regarding any issues he continued to have with Defendant Blanchard or other staff.  This comment came shortly after he reported Defendant Blanchard to Defendant Atkins instead of Defendant Upadhyay.

41.     On August 4, 2022, Defendant Miriani called Plaintiff to inform him that he needed to leave the property as soon as possible due to Defendant Blanchard's presence at the property.  He had not finished his security checks, but Defendant Miriani said he needed to just leave the property anyway.

42.     Defendant Miriani admitted he was aware Defendant Blanchard had made it a hostile work environment for the Plaintiff.

43.     Defendant Blanchard saw Plaintiff in the building and she yelled at another staff member, Alyssa LNU, that he was in the building and that he had sexually assaulted three people, so she did not feel safe with him in the building.

44.     Defendant Blanchard's comments were false and slanderous.

45.     Defendant Blanchard was not told to leave the premises like Plaintiff Tyler was and was not help accountable for her continued harassment of Plaintiff.

46.     Plaintiff also witnessed and reported the sexual harassment of another employee, Sydney Lalor.  Plaintiff witnessed Brad Johnson corner and isolate Sydney in parts of the building without cameras.  Plaintiff Tyler encouraged her to report Brad's sexual harassment.

47.     Brad Johnson 's sexual harassment of Sydney Lalor was reported to Defendants

Miriani and Atkins but they failed to take the steps to correct his behavior.

48.     Defendants Miriani, Upadhyay and Atkins did not want to get rid of Brad Johnson, a white male, and were not willing to discipline him for his gross misconduct.

49.     Defendants Miriani and Upadhyay believed Plaintiff Tyler created a problem by encouraging Sydney to report Brad Johnson, and they retaliated against him as a result.

50.     On August 9, 2022, Defendant Upadhyay emailed the entire hotel staff that neither Defendant Blanchard or Plaintiff Tyler were allowed on the premises.

51.     Plaintiff Tyler was sent a termination checklist on August 10, 2022.  He was never notified about the reason for termination until his unemployment hearing, where Plaintiff was accused of being "rude" to guests, despite the fact he had never been written up or made aware of such acts, nor did he ever commit them.

52.     Defendant Blanchard never received any discipline for her actions, despite Plaintiff Tyler's multiple complaints to Defendants Upadhyay, Miriani and Atkins.  Plaintiff Tyler provided camera recordings, names of other witnesses and written letters to management providing Defendant Blanchard's hostility and blatant harassment towards him.

53.     Defendant Blanchard was even given her job back shortly after her termination, with backpay and Plaintiff Tyler was not.

54.     Defendants Hotel Fort Des Moines, First Hospitality, Hilton Worldwide and Curio Collection by Hilton Kerri Blanchard, Neil Upadhyay, Kyle Miriani, Dillon Douglas, and Brian Atkins engaged in a pattern and practice of harassment and hostility.

55.     This is a summary, with examples, of the discrimination, harassment, and retaliation Plaintiff Tyler suffered on a daily basis during his employment.

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

## COUNT I – HARASSMENT AND DISCRIMINATION ON THE BASIS OF RACE AND SKIN COLOR IN VIOLATION OF IOWA CODE CHAPTER 216.6 AGAINST ALL DEFENDANTS

56.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 54 above.

57.     Plaintiff is an African American and his skin color is black and he is a member of a protected class under the Iowa Civil Rights Act, Iowa Code Chapter 216.

58.     Defendants discriminated against and harassed Plaintiff with respect to the terms and conditions of his employment and permitted harassment and discrimination based on race and skin color against Plaintiff in violation of Iowa Code Chapter 216, as set forth above.

59.     The conduct was sufficiently severe or pervasive that a reasonable person in Plaintiff's position would find the work environment to be hostile or abusive.

60.     Defendants' conduct towards Plaintiff was unwelcome.

61.     Corporate Defendants knew, or should have known, of the race discrimination undertaken by its employees.

62.     Defendants' violation of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

63.     Defendants violation of Iowa Code Chapter 216 were a cause of injuries and damages suffered by Plaintiff.

64.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a)      That Defendants' conduct be declared to be in violation of Plaintiff's rights under and pursuant to Iowa Code Chapter 216;

b)      That Defendants and their officers, employees, agents, attorneys, successors and assigns, and those acting in concert therewith, be permanently enjoined from any conduct violating Plaintiff's rights, or the right of others similarly situated, as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent the Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)      That Plaintiff be awarded compensatory damages;

d)      That Plaintiff be made whole by providing him appropriate lost earnings and benefits with pre-judgment interest and other affirmative relief;

e)      That Plaintiff be awarded reasonable attorney's fees and costs incurred in prosecuting this action; and

f)      That Plaintiff be awarded such additional and further relief as is just and proper.

## COUNT II: RETALIATION IN VIOLATION OF IOWA CODE SECTION 216.11 AGAINST ALL DEFENDANTS

65.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 54 above.

66.     Plaintiff complained to Defendants about the discrimination and harassment he experienced on several occasions.  Plaintiff Tyler also complained about the sexual harassment of a co-worker, Sydney Lalor.

67.     After Plaintiff Tyler formally complained about discrimination and harassment on the basis of his race and skin color against him and about the sexual harassment of his co-worker,

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

Defendants retaliated against Plaintiff by further discriminating against him, harassing him, and subjecting Plaintiff to a hostile work environment and ultimately firing him.

68.     Iowa Code Section 216.11 forbids harassment and retaliation against a person for filing a complaint regarding the discrimination he faces on the basis of his race and skin color or because he reported sexual harassment of a co-worker.

69.     Defendants' violation of Iowa Code Chapter 216 is a cause of the injuries suffered by Plaintiff.

70.     As a result of the Defendants' actions, Plaintiff has suffered, and will continue to suffer, past and future loss of wages, benefits, and other emoluments of employment, past and future mental and emotional harm and anguish, anxiety, fear, loss of enjoyment of life, and other damages.

WHEREFORE, Plaintiff prays for the following relief:

a)     That Defendants' conduct be declared to be in violation of Plaintiff's rights as outlined by Iowa Code Chapter 216;

b)     That Defendants and their employees, agents, attorneys, successors and assigns, and those acting in concert therewith be enjoined from any conduct violating Plaintiff's rights or the rights of others similarly situated as secured by Chapter 216 of the Iowa Code, and that the Court order such other injunctive relief as necessary to prevent Defendants from continuing their discriminatory practices and to protect others similarly situated;

c)     That Plaintiff be awarded compensatory damages;

d)     That Plaintiff be made whole by providing her compensation for the past and future mental and emotional harm and anguish, and other affirmative relief;

11

e) That Plaintiff be awarded reasonable attorneys' fees and costs incurred in prosecuting this action; and

f) That Plaintiff be awarded such additional and further relief as is just and proper.

## COUNT III- VIOLATION OF 42 U.S.C. SECTION 1981 AGAINST ALL DEFENDANTS

71. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 54 above.

72. Defendants subjected Plaintiff to unwelcome conduct based on his race as described above.

73. This conduct was severe and pervasive and Plaintiff let it be known that the conduct was unwelcome.

74. Defendants' engaged in the above noted conduct because of Plaintiff's race.

75. Plaintiff complained about the race discrimination he experienced and otherwise opposed practices made unlawful by 42 U.S.C. § 1981.

76. Defendants retaliated against him because of his race and because of his complaints opposing discrimination and sexual harassment.

77. As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

78. Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

12

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Civil Rights Act of 1866.

### COUNT IV- RACE AND SKIN COLOR DISCRIMINATION AND RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AGAINST CORPORATE DEFENDANTS JURY DEMAND

79.     Plaintiff incorporates by reference as if fully set forth herein the allegations contained in paragraphs 1 – 54 above.

80.     Section 703(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

81.     Plaintiff experienced discrimination on the basis of his race and skin color.

82.     Section 704(a) of Title VII of the Civil Rights Act of 1964, as amended, prohibits employers from discriminating against an employee "because he has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

83.     Plaintiff complained about race discrimination he experienced and otherwise opposed practices made unlawful by Title VII of the 1964 Civil Rights Act.

84.     Defendants, their agents, and/or employees retaliated against him because of his race and because of his complaints opposing discrimination and sexual harassment.

85.     As a result of Defendants' illegal acts and omissions, Plaintiff has in the past and

E-FILED  2023 DEC 19 2:45 PM POLK - CLERK OF DISTRICT COURT

will in the future suffer injuries and damages, including but not limited to mental and emotional distress, fear, anguish, anxiety, humiliation, intimidation, embarrassment, physical sickness, lost enjoyment of life, medical expenses, past and future lost wages, past and future lost benefits, future earnings, and other emoluments of employment.

86.     Defendants' unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount which will fully and fairly compensate him for his injuries and damages, for punitive damages in an amount sufficient to punish Defendants and to deter them and others from similar conduct in the future, for prejudgment and post judgment interest, for attorney's fees and expenses, for the costs of this action, and for such other relief as may be just in the circumstances and consistent with the purpose of the Title VII of the 1964 Civil Rights Act.

## JURY DEMAND

COMES NOW Plaintiff Troy Tyler, by and through counsel, and hereby demands a trial by jury in this matter.

/s/ Roxanne Conlin
ROXANNE CONLIN AT0001642
TYLER K. ADAMS AT0014549
ROXANNE CONLIN & ASSOCIATES, P.C.
3721 SW 61st Street, Suite C
Des Moines, IA 50321-2418
Phone: (515) 283-1111; Fax: (515) 282-0477
Email: roxanne@roxanneconlinlaw.com
        tadams@roxanneconlinlaw.com
cc: dpalmer@roxanneconlinlaw.com
ATTORNEYS FOR PLAINTIFF

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | CASE NO. _____ |
| Plaintiff, | |
| vs. | **AMENDED ORIGINAL NOTICE** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | |
| Defendants. | |

TO THE ABOVE-NAMED DEFENDANTS:

You are notified that a Petition has been filed electronically in the office of the clerk of this court naming you as the defendants in this action. A copy of the Petition (and any documents filed with it) is attached to this notice. The attorneys for the Plaintiffs are Roxanne Conlin and Tyler Adams of Roxanne Conlin & Associates, P.C., 3721 SW 61st Street, Suite C, Des Moines, IA 50321-2418. That attorneys' phone number is 515-283-1111; facsimile number 515-282-0477.

Polk County is an e-filing county. Please refer to Chapter 16 of the Iowa Rules of Court and specifically Division VI of Chapter 16 regarding the protection of personal and confidential information. You must serve a motion or answer within 20 days after the service of this original notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Polk County, at the county courthouse in Des Moines, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at 515-286-3394. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


(SEAL)                           _____
                                        POLK COUNTY CLERK OF COURT
                                        Polk County Courthouse
                                        500 Mulberry St.
                                        Des Moines, IA 50309

**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

1

E-FILED  2024 JAN 18 8:37 AM POLK - CLERK OF DISTRICT COURT

# Iowa Judicial Branch

*Case No.*  **LACL157287**

*County*  **Polk**

*Case Title*   TROY TYLER VS HOTEL FORT DES MOINES ET AL

You must file your Appearance and Answer on the Iowa Judicial Branch eFile System, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless the court has excused you from filing electronically (*see* Iowa Court Rule 16.302).

Register for the eFile System at www.iowacourts.state.ia.us/Efile to file and view documents in your case and to receive notices from the court.

For general rules and information on electronic filing, refer to the Iowa Rules of Electronic Procedure in chapter 16 of the Iowa Court Rules at www.legis.iowa.gov/docs/ACO/CourtRulesChapter/16.pdf.

Court filings are public documents and may contain personal information that should always be kept confidential.  For the rules on protecting personal information, refer to Division VI of chapter 16 of the Iowa Court Rules and to the Iowa Judicial Branch website at www.iowacourts.gov/for-the-public/representing-yourself/protect-personal-information/.

*Scheduled Hearing:*

If you need assistance to participate in court due to a disability, call the disability access coordinator at **(515) 286-3394** . Persons who are hearing or speech impaired may call Relay Iowa TTY (1-800-735-2942). For more information, see www.iowacourts.gov/for-the-public/ada/.  **Disability access coordinators cannot provide legal advice.**

*Date Issued*  **01/18/2024 08:37:55 AM**



*District Clerk of Court or/by Clerk's Designee of*  Polk          *County*

**/s/ Jennifer Ewers**

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, <br><br> Plaintiff, <br><br> vs. <br><br> HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, <br><br> Defendants. | CASE NO. LACL157287 <br><br> **ACCEPTANCE OF SERVICE** |

I, Bridget R. Penick, do hereby state that I have full authority to accept service of process on behalf of First Hospitality, LLC and First Hospitality Group, Inc., that I have received a copy of the Amended Original Notice and First Amended Petition at Law and Jury Demand, and I hereby accept and acknowledge due and legal service of these documents on First Hospitality, LLC, and First Hospitality Group, Inc.'s behalf.

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*
Bridget R. Penick (AT6147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309
Telephone: (515) 242-8900
Facsimile: (515) 242-8950

**ATTORNEYS FOR FIRST
HOSPITALITY, LLC AND
FIRST HOSPITALITY GROUP, INC.**

1

E-FILED  2024 JAN 29 2:30 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned certifies the foregoing document was electronically filed with the Clerk of Court using the Electronic Document Management System (EDMS) on January 29, 2024, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

/s/ *Faith A. Baker*
_____

E-FILED  2024 JAN 30 2:07 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER,<br><br>        Plaintiff,<br><br>   vs.<br><br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS,<br><br>        Defendants. | Case No. LACL157287<br><br><br>**APPEARANCE OF**<br>**OLIVIA N. NORWOOD** |

Olivia N. Norwood enters her appearance in this docket on behalf of Defendants First Hospitality L.L.C. and First Hospitality Group.

Dated this 30th day of January 2024.

**FREDRIKSON & BYRON P.A.**

*/s/ Olivia N. Norwood*

Olivia N. Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8900
Facsimile:  (515) 242-8950

***Attorney for Defendants***

E-FILED  2024 JAN 30 2:07 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on January 30, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

E-FILED  2024 FEB 01 2:17 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | Case No. LACL157287 |
| Plaintiff, | |
| vs. | **APPEARANCE OF BRIDGET R. PENICK** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | |
| Defendants. | |

Bridget R. Penick enters her appearance in this docket on behalf of Defendants First Hospitality, LLC and First Hospitality Group, Inc.

Dated this 1st day of February 2024

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC AND FIRST HOSPITALITY GROUP, INC.**

E-FILED  2024 FEB 01 2:17 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 1, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157287 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10307704 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>TROY TYLER | | **Defendant / Respondent:**<br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Roxanne Conlin & Associates | |
| **To be served upon:**<br>Brian Atkins | | | |

I, Michael Neebe, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:** Brian Atkins, 200 North Pickett Street APT 1601, Alexandria, VA 22304

**Manner of Service:** Personal/Individual, Jan 31, 2024, 7:06 pm EST

**Documents:** Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

**Additional Comments:**
1) Served: Jan 31, 2024, 7:06 pm EST at 200 North Pickett Street APT 1601, Alexandria, VA 22304 received by Brian Atkins. Age: 40; Ethnicity: Caucasian; Gender: Male; Weight: 200; Height: 5'10"; Hair: Brown; Eyes: Hazel;

_____  02-01-24
Michael Neebe          Date

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

Subscribed and sworn to before me by the affiant who is
personally known to me.

_____
Notary Public

08/01/24        08/31/26
Date        Commission Expires

GLADYS COREA
NOTARY PUBLIC
REGISTRATION # 8017190
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES
AUGUST 31, 2026

# PROOF OF SERVICE

Case No.   LACL157287

I hereby certify and make return; that I received the following on 1/24/24,
➤ AMENDED ORIGINAL NOTICE
➤ FIRST AMENDED PETITION AT LAW AND JURY DEMAND

that on 1/26/24 at 11:18 AM, I served said document(s) directed to:

KERRI BLANCHARD at 1811 Swan Lake Circle, Des Moines, Polk County, IA 50320

_____ by personal service.

_X_ at their dwelling house or usual place of abode (which place was not a rooming house, hotel, club or apartment building) by substitute service on the individual named below, which is a person who resides therein and was at least 18 years of age.

_____ at their dwelling house or usual place of abode (which place was a rooming house, hotel, club or apartment building) by substitute service on a family member, roommate, manager or landlord named below, which is a person who was at least 18 years of age.

_____ by serving the company, corporation, association, government agency, estate, guardianship/conservatorship, individual in their professional capacity, etc. on the appropriate agent or officer named below.

_____ by posting the document(s) and mailing by certified and regular, first class mail (dates and times of attempts and posting detailed below).

JOSEPH TURPIN, ROOMMATE

_____

NAME AND RELATIONSHIP/TITLE OF PERSON SERVED (IF NOT SHOWN ABOVE)

_____

Sworn and subscribed to before me by ANDREW GOERLITZ on this 2nd day of February, 2024.



SHELLEY E. DRAUR
Commission Number 766107
My Commission Expires
January 3, 2026

Notary Public in and for the State of Iowa

E-FILED  2024 FEB 02 10:58 AM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157287 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10307724 |
|---|---|---|---|
| **Plaintiff / Petitioner:**<br>TROY TYLER | | **Defendant / Respondent:**<br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS | |
| **Received by:**<br>Iowa Process Service | | **For:**<br>Roxanne Conlin & Associates | |
| **To be served upon:**<br>Dillon Douglas | | | |

I, Amy Parkinson , being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient **Name / Address:**   Dillon Douglas, 4021 Northeast 4th Street, Ankeny, IA 50021

Manner of Service:   Personal/Individual, Feb 1, 2024, 6:01 pm CST

Documents:   Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

Additional Comments:
1) Served: Feb 1, 2024, 6:01 pm CST at 4021 Northeast 4th Street, Ankeny, IA 50021 received by Dillon Douglas. Age: 30; Ethnicity: Caucasian; Gender: Male; Weight: 160; Height: 5'10"; Hair: Brown; Eyes: Blue;

/s/Amy Parkinson          02/02/2024

Amy Parkinson          **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

Subscribed and sworn to before me by the affiant who is personally known to me.

_Halee Loftis_
**Notary Public**

02/02/2024          02/18/2027
**Date**          **Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157287 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10307776 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>TROY TYLER | | Defendant / Respondent:<br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS | | |
| Received by:<br>Iowa Process Service | | For:<br>Roxanne Conlin & Associates | |
| To be served upon:<br>Hilton Franchise LLC Corporation Service Company | | | |

I, Chad Toscano, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:    Litigation management Representative , 251 Little Falls Drive, Wilmington, DE 19808

Manner of Service:    Registered Agent, Feb 1, 2024, 2:23 pm EST

Documents:    Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

Additional Comments:

1) Served: Feb 1, 2024, 2:23 pm EST at 251 Little Falls Drive, Wilmington, DE 19808 received by Litigation management Representative .

Documents are accepted via dropbox and confirmed electronically of delivery.

/s/Chad Toscano                          02/02/2024

Chad Toscano                              **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

Subscribed and sworn to before me by the affiant who is personally known to me.

_Halee Loftis_

**Notary Public**

02/02/2024                              02/18/2027

**Date**                    **Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED 2024 FEB 05 11:34 AM POLK - CLERK OF DISTRICT COURT

## AFFIDAVIT OF SERVICE

| Case: LACL157287 | Court: IN THE IOWA DISTRICT COURT | County: FOR POLK COUNTY | Job: 10307988 |
|---|---|---|---|
| **Plaintiff / Petitioner:** TROY TYLER | | **Defendant / Respondent:** HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS | |
| **Received by:** Iowa Process Service | | **For:** Roxanne Conlin & Associates | |
| **To be served upon:** Hotel Fort Des Moines, c/o Hawkeye Hotels, Inc. | | | |

I, SHAWN GILPIN, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   Melissa Bean-Assistant Director of Payroll & Accounting for Hotel Fort Des Moines, c/o Hawkeye Hotels, Inc. , 2706 James Street, Coralville, IA 52241

**Manner of Service:**   Authorized, Feb 2, 2024, 4:40 pm CST

**Documents:**   Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

**Additional Comments:**
1) Served: Feb 2, 2024, 4:40 pm CST at 2706 James Street, Coralville, IA 52241 received by Melissa Bean-Assistant Director of Payroll & Accounting for Hotel Fort Des Moines, c/o Hawkeye Hotels, Inc. . Age: 40's; Ethnicity: Caucasian; Gender: Female; Weight: 180; Height: 5'5"; Hair: Red;

/s/Shawn Gilpin         02/05/2024
SHAWN GILPIN          **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

Subscribed and sworn to before me by the affiant who is personally known to me.

_Halee Loftis_

**Notary Public**

02/05/2024                02/18/2027

**Date**          **Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

## AFFIDAVIT OF SERVICE

| Case: | Court: | County: | Job: |
|---|---|---|---|
| LACL157287 | IN THE IOWA DISTRICT COURT | FOR POLK COUNTY | 10364051 |

| Plaintiff / Petitioner: | Defendant / Respondent: |
|---|---|
| TROY TYLER | HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS |

| Received by: | For: |
|---|---|
| Iowa Process Service | Roxanne Conlin & Associates |

| To be served upon: |
|---|
| KYLE MIRIANI |

I, Steven Mason, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**   KYLE MIRIANI, 27074 North Pleasant Ridge Drive, Dearborn Heights, MI 48127

**Manner of Service:**   Personal/Individual, Feb 3, 2024, 4:39 pm HST

**Documents:**   Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

**Additional Comments:**
1) Served: Feb 3, 2024, 4:39 pm HST at 27074 North Pleasant Ridge Drive, Dearborn Heights, MI 48127 received by KYLE MIRIANI. Age: 30; Ethnicity: Caucasian; Gender: Male; Hair: Brown;

Steven Mason     02-05-2024
Steven Mason     Date

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Loftis

Notary Public

01/05/2024                    02/18/2027
Date                Commission Expires

NOTARIAL SEAL
IOWA

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

## AFFIDAVIT OF SERVICE

| Case:<br>LACL157287 | Court:<br>IN THE IOWA DISTRICT COURT | County:<br>FOR POLK COUNTY | Job:<br>10364058 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>TROY TYLER | | Defendant / Respondent:<br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY L.L.C, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS | |
| Received by:<br>Iowa Process Service | | For:<br>Roxanne Conlin & Associates | |
| To be served upon:<br>NEIL UPADHYAY | | | |

I, Lance McDade, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

**Recipient Name / Address:**  NEIL UPADHYAY, HAMPTON INN: 3400 Colonnade Parkway, Birmingham, AL 35243

**Manner of Service:**  Personal/Individual, Feb 5, 2024, 5:35 pm CST

**Documents:**  Amended Original Notice, First Amended Petition at Law and Jury Demand (Received Jan 24, 2024 at 9:57am CST)

**Additional Comments:**
7) Served: Feb 5, 2024, 5:35 pm CST at HAMPTON INN: 3400 Colonnade Parkway, Birmingham, AL 35243 received by NEIL UPADHYAY. Age: 35-45; Ethnicity: Asian American; Gender: Male; Weight: 260; Height: 6'5"; Hair: Black; Eyes: Black;

/s/Lance McDade                  02/05/2024

Lance McDade                     **Date**

Iowa Process Service
1604 Country Club Rd
Indianola, IA 50125

*Subscribed and sworn to before me by the affiant who is personally known to me.*

Halee Loftis

**Notary Public**

02/05/2024                  02/18/2027

**Date**                    **Commission Expires**

HALEE LOFTIS
Commission Number 830262
My Commission Expires
February 18, 2027

E-FILED  2024 FEB 15 4:49 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER,<br><br>            Plaintiff,<br><br>    vs.<br><br>HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS,<br><br>          Defendants. | Case No. LACL157287<br><br><br>**APPEARANCE OF<br>BRIDGET R. PENICK** |

Bridget R. Penick enters her appearance in this docket on behalf of Defendants Kerri Blanchard, Kyle Miriani, Dillon Douglas, Neil Upadhyay, and Brian Atkins.


Dated this 15th day of February 2024

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY, AND BRIAN ATKINS**

E-FILED  2024 FEB 15 4:49 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 15, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

E-FILED  2024 FEB 15 4:51 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | Case No. LACL157287 |
| Plaintiff, | |
| vs. | **APPEARANCE OF OLIVIA N. NORWOOD** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | |
| Defendants. | |

Olivia N. Norwood enters her appearance in this docket on behalf of Defendants Kerri Blanchard, Kyle Miriani, Dillon Douglas, Neil Upadhyay, and Brian Atkins/

Dated this 15th day of February 2024.　　　**FREDRIKSON & BYRON P.A.**

*/s/ Olivia N. Norwood*
Olivia N. Norwood (AT0013429)
onorwood@fredlaw.com
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8900
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY, AND BRIAN ATKINS.**

E-FILED  2024 FEB 15 4:51 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 15, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | Case No. LACL157287 |
| Plaintiff, | |
| vs. | **APPEARANCE OF** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | **BRIDGET R. PENICK** |
| Defendants. | |

Bridget R. Penick enters her appearance in this docket on behalf of Defendant Hawkeye Hotels, Inc. [1]

Dated this 20th day of February 2024

**FREDRIKSON & BYRON, P.A.**

*/s/ Bridget R. Penick*

Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY, AND HAWKEYE HOTELS, INC.**

---

[1] Hawkeye Hotels, Inc. has not been named as a Defendant in this case. However, Hotel Fort Des Moines is not the name of an entity; it is a fictious name of a building owned by Hawkeye Hotels, Inc. Hotel Fort Des Moines was served with First Amended Petition c/o Hawkeye Hotels, Inc.

E-FILED  2024 FEB 20 4:59 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 20, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*

E-FILED  2024 FEB 20 5:01 PM POLK - CLERK OF DISTRICT COURT

## IN THE IOWA DISTRICT COURT FOR POLK COUNTY

| | |
|---|---|
| TROY TYLER, | Case No. LACL157287 |
| Plaintiff, | |
| vs. | **APPEARANCE OF OLIVIA N. NORWOOD** |
| HOTEL FORT DES MOINES, HILTON WORLDWIDE AND CURIO COLLECTION BY HILTON, FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY AND BRIAN ATKINS, | |
| Defendants. | |

Olivia N. Norwood enters her appearance in this docket on behalf of Defendant Hawkeye Hotels, Inc.[1]

Dated this 20th day of February 2024.

**FREDRIKSON & BYRON P.A.**

*/s/ Olivia N. Norwood*
Bridget R. Penick (AT0006147)
bpenick@fredlaw.com
Olivia Norwood (AT0013429)
onorwood@fredlaw.com
111 East Grand Avenue, Suite 301
Des Moines, IA 50309-1972
Telephone:  (515) 242-8902
Facsimile:  (515) 242-8950

**ATTORNEYS FOR FIRST HOSPITALITY, LLC, FIRST HOSPITALITY GROUP, INC., KERRI BLANCHARD, KYLE MIRIANI, DILLON DOUGLAS, NEIL UPADHYAY, AND HAWKEYE HOTELS, INC.**

---

[1] Hawkeye Hotels, Inc. has not been named as a Defendant in this case. However, Hotel Fort Des Moines is not the name of an entity; it is a fictious name of a building owned by Hawkeye Hotels, Inc. Hotel Fort Des Moines was served with First Amended Petition c/o Hawkeye Hotels, Inc.

E-FILED  2024 FEB 20 5:01 PM POLK - CLERK OF DISTRICT COURT

**Certificate of Service**

The undersigned hereby certifies that on February 20, 2024, the foregoing document was electronically filed with the Clerk of Court using the EDMS system, which will send a notice of electronic filing to all counsel of record registered with the EDMS system.

*/s/ Faith A. Baker*